UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.

D-1 KENNETH D. MITCHELL,

Defendant.

_____/

Case: 2:18-cr-20442
Judge: Cohn, Avern
MJ: Whalen, R. Steven
Filed: 06-21-2018 At 04:58 PM
INDI USA V. SEALED MATTER (DA)

VIO:  18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 982

## INDICTMENT

THE GRAND JURY CHARGES:

### General Allegations

At all times relevant to this Indictment:

### The Medicare Program

1.      The Medicare program was a federal health care program providing benefits to persons who were over the age of 65 or disabled. Medicare was administered by the Centers for Medicare and Medicaid Services (CMS), a federal agency under the United States Department of Health and Human Services. Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."

2.     Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

3.     The Medicare program included coverage under different components, including hospital insurance ("Part A") and medical insurance ("Part B").  Part A covered physical therapy, occupational therapy, and skilled nursing services if a facility was certified by CMS as meeting certain requirements.  Part B of the Medicare Program covered the cost of physicians' services and other ancillary services not covered by Part A.  The physicians' services and other services at issue in this Indictment were covered by Part B.

4.     Payments to the Medicare program were often made directly to a provider of the goods and services, rather than to a beneficiary.

5.     Health care providers could only submit claims to Medicare for medically necessary services they rendered.  Medicare regulations required health care providers to maintain complete and accurate patient medical records to verify that the services were provided as described in the claim.  These records were required to be sufficient to permit Medicare, through its contractors, to review the appropriateness of Medicare payments made to the healthcare provider.

6.     Wisconsin Physicians Service was the CMS contracted carrier for Medicare Part B in the state of Michigan, and received and adjudicated claims originating in Michigan outside the state of Michigan.  TrustSolutions, LLC was the

program safeguard contractor for Medicare Part A and Part B in the State of Michigan until April 24, 2012, when it was replaced by Cahaba Safeguard Administrators LLC ("Cahaba"). On April 10, 2015, AdvanceMed replaced Cahaba as the Program Safeguard Contractor.

7.     By becoming a participating provider in Medicare, enrolled providers agreed to abide by the policies and procedures, rules, and regulations governing reimbursement. In order to receive Medicare funds, enrolled providers, together with their authorized agents, employees, and contractors, were required to abide by all the provisions of the Social Security Act ("Act"), the regulations promulgated under the Act, and applicable policies, procedures, rules, and regulations issued by CMS and its authorized agents and contractors, including the federal Anti-Kickback statute.

8.     Upon certification, the medical provider, whether a clinic or an individual, was assigned a National Provider Identifier, a number used for billing purposes (referred to as a NPI). When the medical provider rendered a service, the provider submitted a claim for reimbursement to the Medicare contractor/carrier that included the NPI assigned to that medical provider.  When an individual medical provider was associated with a clinic, Medicare Part B required that the individual provider number associated with the clinic be placed on the claim submitted to the Medicare contractor.

3

9.     Medicare imposes exclusions on individual health care providers and entities under sections 1128 and 1156 of the Act.  When an exclusion is imposed, Medicare payments are prohibited for any items or services furnished, ordered, or prescribed by the excluded party.  Payment is prohibited to any business or facility that submits bills for payments of items or services provided by an excluded party.

10.     Health care providers were given and provided with online access to Medicare manuals and services bulletins describing proper billing procedures and billing rules and regulations. Providers could only submit claims to Medicare for services they rendered and providers were required to maintain patient records to verify that the services were provided as described on the claim form.

11.     In order to receive reimbursement for a covered service from Medicare, a provider was required to submit a claim, either electronically or using a form (*e.g.*, a CMS-1500 form or UB-92) containing the required information appropriately identifying the provider, patient, and services rendered.

### The Defendant

12.     Urban Health Care Group PLLC ("Urban") was a Michigan Limited Liability Company doing business at 23999 Northwestern Hwy., Southfield, Michigan 48075.  Urban was a health agency that purportedly provided in-home and other podiatry services to patients.

4

13.     KENNETH D. MITCHELL, a resident of Wayne County, Michigan, was a licensed podiatrist in the state of Michigan.  MITCHELL was a minority owner of Urban.  MITCHELL was previously an enrolled Medicare provider until in or around February 2015, when he was excluded from participation in the Medicare program and rendered ineligible to receive any payments from Medicare.

14.     Co-Owner 1, a citizen and resident of Canada, was a podiatrist licensed in the state of Michigan.  Co-Owner 1 was the majority owner of Urban along with minority owner MITCHELL.  Co-Owner 1 was the only practitioner at Urban with Medicare billing privileges.  Co-Owner 1 entered into an agreement with MITCHELL, whereby MITCHELL submitted billings to Medicare for patients treated by MITCHELL and others, and/or patients that were not treated by anyone, using Co-Owner 1's NPI.

## Count 1
### Conspiracy to Commit Health Care Fraud and Wire Fraud
### (18 U.S.C. § 1349)

### D-1 KENNETH D. MITCHELL

15.     Paragraphs 1 through 14 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

16.     From in or around February 2015, and continuing through the return of the Indictment, the exact dates being unknown to the Grand Jury, in Wayne County,

in the Eastern District of Michigan, and elsewhere, the defendant, KENNETH D. MITCHELL, did willfully and knowingly combine, conspire, confederate, and agree with others, known and unknown to the Grand Jury, to commit certain offenses against the United States, that is:

(a) to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services; and

(b) to violate Title 18, United States Code, Section 1343, that is, to knowingly and with the intent to defraud devise and intend to devise a scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations and promises were false and fraudulent when made, and knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, writings, signs,

signals, pictures, and sounds for the purpose of executing such scheme and artifice.

## Purpose of the Conspiracy

17. It was a purpose of the conspiracy for defendant KENNETH D. MITCHELL and others to unlawfully enrich themselves by, among other things, (a) submitting and causing the submission of false and fraudulent claims to Medicare for podiatry and other services on behalf of Urban for services that were (i) medically unnecessary; (ii) not eligible for Medicare reimbursement; and/or (iii) not provided as represented; (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of the proceeds from the fraud; and (c) diverting proceeds of the fraud for the personal use and benefit of the defendant and his co-conspirators.

## Manner and Means

18. The manner and means by which the defendant and his co-conspirators sought to accomplish the purpose of the conspiracy included, among others, the following:

19. Following his exclusion from Medicare on or about January 13, 2015, MITCHELL and others would incorporate or cause the incorporation, and enroll or cause the enrollment of Urban in the Medicare program.

20.    On or about November 16, 2015, Co-Owner 1 and others falsely certified to Medicare that Urban would comply with all Medicare rules and regulations, and federal laws, including that it would not knowingly present or cause to be presented a false and fraudulent claim for payment by Medicare and that it would refrain from violating the federal Anti-Kickback statute.

21.    MITCHELL, Co-Owner 1, and others concealed MITCHELL's involvement with Urban by submitting or causing the submission of false and fraudulent enrollment materials to Medicare that failed to disclose the ownership interest and/or managing control of MITCHELL.

22.    Although excluded from participation in the Medicare program and rendered ineligible to receive any payments from Medicare, MITCHELL performed services and submitted, or caused the submission of false and fraudulent claims to Medicare by representing that Co-Owner 1 had performed the services.

23.    MITCHELL and others paid or caused payments to be made to R.G., in exchange for Medicare beneficiary information as well as for podiatry services purportedly performed by R.G.  Although R.G. purportedly provided the services, because R.G. lacked a valid podiatry license and because R.G. had been previously excluded from Medicare, MITCHELL and others submitted or caused the submission of false and fraudulent claims to Medicare representing that Co-Owner 1 had performed the services.

24.     MITCHELL and others submitted and caused the submission of false and fraudulent claims through interstate wire transmissions to Medicare in an amount exceeding approximately $1.8 million for services that were obtained through illegal kickbacks and bribes, medically unnecessary, not eligible for Medicare reimbursement, and/or not provided as represented.

All in violation of Title 18, United States Code, Section 1349.

**Counts 2-4**
**Health Care Fraud**
**(18 U.S.C. §§ 1347 and 2)**

**D-1 KENNETH D. MITCHELL**

25.     Paragraphs 1 through 14 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

26.     On or about the dates enumerated below, in Wayne and Oakland Counties, in the Eastern District of Michigan, and elsewhere, KENNETH D. MITCHELL, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and

promises, money and property owned by and under the custody and control of Medicare.

## Purpose of the Scheme and Artifice

27.     It was the purpose of the scheme and artifice for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent claims to Medicare for podiatry and other services on behalf of Urban for services that were medically unnecessary; (b) concealing the submission of false and fraudulent claims to Medicare and the receipt and transfer of the proceeds from the fraud; and (c) diverting proceeds of the fraud for the personal use and benefit of the defendant and his co-conspirators.

## The Scheme and Artifice

28.     The allegations contained in paragraphs 1 through 14 and 17 through 24 of this Indictment are realleged and incorporated though fully set forth herein as a description of the scheme and artifice.

## Acts in Execution of the Scheme and Artifice

29.     On or about the dates specified as to each count below, in Wayne and Oakland Counties, in the Eastern District of Michigan, and elsewhere, KENNETH D. MITCHELL, in connection with the delivery of and payment for health care benefits, items, and services, did knowingly and willfully execute, and attempt to

execute, the above-described scheme and artifice to defraud a health care benefit program affecting commerce, that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of said healthcare benefit program.

| Count | Defendant | Medicare Beneficiary | Claimed Provider | Claimed Date of Service | Description of Items Billed | Amount Paid by Medicare |
|-------|-----------|---------------------|------------------|------------------------|---------------------------|-------------------------|
| 2 | KENNETH D. MITCHELL | H.G. | Co-Owner 1 | August 14, 2017 | Home visit and podiatry services | $130.67 |
| 3 | KENNETH D. MITCHELL | N.B. | Co-Owner 1 | December 19, 2017 | Home visit and podiatry services | $85.48 |
| 4 | KENNETH D. MITCHELL | A.G. | Co-Owner 1 | September 7, 2017 | Home visit and podiatry services | $162.65 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## Forfeiture Allegations

### (18 U.S.C. § 982(a)(7) and/or 18 U.S.C. § 981 with 28 U.S.C. § 2461)

30. The above allegations contained in this Indictment are incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to the provisions of 18 U.S.C. § 982(a)(7) and/or 18 U.S.C. § 981 with 28 U.S.C. § 2461.

31. As a result of the violations of 18 U.S.C. §§1349 and/or 1347, as set forth in this Indictment, KENNETH D. MITCHELL shall forfeit to the United States

any property, real or personal, that constitutes or is derived from, gross proceeds traceable to the commission of such violations, pursuant to 18 U.S.C. § 982(a)(7) and/or 18 U.S.C. § 981 with 28 U.S.C. § 2461.

32.   <u>Substitute Assets</u>:  If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.    Cannot be located upon the exercise of due diligence;

    b.    Has been transferred or sold to, or deposited with, a third party;

    c.    Has been placed beyond the jurisdiction of the Court;

    d.    Has been substantially diminished in value; or

    e.    Has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b), to seek to forfeit any other property of the defendant up to the value of the forfeitable property described above.

33.   <u>Money Judgment</u>:  A sum of money equal to at least $1.8 million in United States currency, or such amount as is proved at trial in this matter, representing the total amount of gross proceeds obtained as a result defendant's violations, as alleged in this Indictment.

THIS IS A TRUE BILL.                    s/Grand Jury Foreperson
                                        Grand Jury Foreperson


MATTHEW SCHNEIDER
United States Attorney

s/WAYNE F. PRATT
WAYNE F. PRATT
Chief, Health Care Fraud Unit
Assistant United States Attorney
211 W. Fort St., Suite 2001
Detroit, MI 48226
(313) 226-9583
wayne.pratt@usdoj.gov


s/DUSTIN M. DAVIS
DUSTIN M. DAVIS
Assistant Chief
Criminal Division, Fraud Section
U.S. Department of Justice
1400 New York Avenue, N.W., Eighth Floor
Washington, D.C. 20005
(202) 355-5643
dustin.davis@usdoj.gov


s/PATRICK J. SUTER
PATRICK J. SUTER
JACOB FOSTER
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice
211 W. Fort St., Suite 2001
Detroit, MI 48226
(202) 679-1430
patrick.suter2@usdoj.gov

Date: June 21, 2018

ORIGINAL

| United States District Court<br>Eastern District of Michigan | **Criminal Case Co** | Case:2:18-cr-20442<br>Judge: Cohn, Avern<br>MJ: Whalen, R. Steven<br>Filed: 06-21-2018 At 04:58 PM<br>INDI USA V. SEALED MATTER (DA) |
|---|---|---|

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to com

| **Companion Case Information** | **Companion Case Number:** |
|---|---|
| This may be a companion case based upon **LCrR 57.10 (b)(4)**[1]: | **Judge Assigned:** |
| ☐ Yes  ☒ No | **AUSA's Initials:** PꞀS |

**Case Title:** USA v. Kenneth Mitchell

**County where offense occurred :** Wayne County, MI

**Check One:**  ☒Felony  ☐Misdemeanor  ☐Petty

✓ Indictment/____Information —  **no** prior complaint.
____Indictment/____Information --- based upon prior complaint [Case number:              ]
____Indictment/____Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

**Superseding Case Information**

**Superseding to Case No:** _____  **Judge:** _____

☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

| **Defendant name** | **Charges** | **Prior Complaint (if applicable)** |
|---|---|---|

Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.

June 21, 2018
Date

Patrick Suter,Trial Attorney
211 West Fort Street, Detroit, MI 48226
Phone: (202) 679-1430
Fax:  (313) 226 - 0816
E-Mail address: Patrick.Suter2@usdoj.gov
Attorney Bar #: CA 242494

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, *or* (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.